UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHARLES GRANT BALWANZ, SR.,
Personal Representative of the
Estate of Charles Grant Balwanz, II,
*Plaintiff,*

v.

PRECISION COMMUNICATIONS,
INCORPORATED,
  *Defendant & Third Party*
   *Plaintiff-Appellant,*

v.

SHANE DAVIS & ASSOCIATES,
  *Third Party Defendant-*
   *Appellee.*

No. 02-1238

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CA-99-1189-4-23BF)

Argued: December 4, 2002

Decided: January 13, 2003

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion. Judge Niemeyer wrote
a dissenting opinion.

---

**COUNSEL**

**ARGUED:** Gray Thomas Culbreath, COLLINS & LACY, P.C., Columbia, South Carolina, for Appellant. Jon Rene Josey, TURNER, PADGETT, GRAHAM & LANEY, P.A., Florence, South Carolina, for Appellee. **ON BRIEF:** Joel W. Collins, Jr., COLLINS & LACY, P.C., Columbia, South Carolina, for Appellant. Michael S. Hopewell, TURNER, PADGETT, GRAHAM & LANEY, P.A., Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This appeal came before us for argument on Appellant Precision Communications, Inc.'s ("Precision") objection to the district court's order enforcing a global settlement agreement among the three parties to this wrongful death litigation. The original lawsuit arose from an accident in which Charles Grant Balwanz, II ("decedent") died after falling 1,100 feet in a disabled man-basket from which he was painting a broadcast tower's guy-wires. The broadcast tower's owner hired Precision to paint the guy-wires; Precision, in turn, subcontracted the job to Shane Davis, which in turn subcontracted with decedent. Decedent's estate and survivors sued Precision, Shane Davis, and a third party in a wrongful death and survivor's action. Early in the proceedings, however, Shane Davis and the third party settled with Balwanz, leaving Precision the only defendant. Precision, however, filed a third-party complaint for equitable indemnity and negligence to bring Shane Davis back into the case.

With the district court's encouragement and assistance, Balwanz, Precision, and Shane Davis entered into settlement negotiations just before the start of trial. The district court found that as a result of

those negotiations: (1) "counsel for plaintiff advised the court that plaintiff would accept [the settlement]," District Court's Order *Nunc Pro Tunc*, J.A. at 103, (2) Precision "*agreed to front the settlement* and leave open the third-party action *until* Shane Davis received approval," *id*. at 104 (emphasis added), and (3) Shane Davis "secured the full $100,000 and advised Precision accordingly," *id*. at 105. On the basis of these underlying facts the court reached the overarching conclusion that *each* of the parties — including Precision and Balwanz — agreed to the global settlement. Precision does not specifically challenge any of these predicate findings that underlay the district court's conclusion that the parties agreed to the global settlement.

Moreover, although at argument counsel for Precision maintained that Precision did not consent to the settlement agreement *at any time*, Precision makes no such unequivocal assertions in its written submission. There, Precision makes statements only to the following effect:

> As evidenced by the record in this case, *it is not clear that a complete agreement* had been reached among the parties to accept Judge Duffy's recommendation.

Appellant's Br. at 10 (emphasis added).

Precision argues that the clear error in the district court's conclusion is borne out by the fact that it and Balwanz allegedly expressed their disagreement with the proposed settlement. Of course, that Precision and Balwanz *subsequent* to the telephone call with the district court expressed their disagreement with the proposed settlement (if true), does not establish that the district court erred in its finding that these two parties *previously* agreed to the proposed settlement.

Upon review of the parties' briefs and their oral arguments, and upon our consideration, it is hereby ordered that the judgment of the district court is affirmed on the reasoning of that court.

*AFFIRMED*

NIEMEYER, Circuit Judge, dissenting:

While I recognize that the parties' communications with the district court and the other parties to the purported settlement agreement are

not fully discernable, I am unable to find any evidence supporting the conclusion that Precision accepted the settlement agreement as proposed by the court. It is undisputed that Precision itself, as well as its insurer, agreed and represented to the court that Precision was willing to pay to the plaintiff the settlement amount proposed by the court. It is also undisputed, however, that within a couple hours of making this representation, Precision informed Shane Davis that its intent was to pay the *whole* settlement itself and to proceed against Shane Davis for indemnification. There is also evidence that Precision told the plaintiff that it had accepted the court-proposed settlement figure but that it intended to pay the full amount, rather than paying a mere portion of the amount as the court had proposed. The confusion in this case arises from the fact that when Precision represented to the court that it intended to pay to plaintiff the court-proposed settlement amount, the court "assumed that the case was settled as had been recommended" by the court, i.e., with both Precision and Shane Davis contributing a portion of the settlement amount to settle both plaintiff's claims against Precision and Precision's third-party claims against Shane Davis. Within hours of its communication with the court, and after having spoken with Shane Davis and the plaintiff, Precision clarified to the court that its earlier commitment to pay plaintiff the court-proposed settlement amount was meant only to dispose of plaintiff's claims against Precision, not Precision's third-party claims against Shane Davis. In determining whether Precision manifested assent to the settlement agreement as proposed by the court, we have only the benefit of affidavits of the attorneys and the district court's factfinding on transactions in which it was involved. But even on the district court's rendition of what Precision reported to the court, a factfinder could not, in my judgment, find that Precision *unconditionally* accepted the court-proposed settlement agreement before its subsequent clarification of the limited scope of its agreement only to pay to plaintiff the court-proposed amount.

I would, accordingly, reverse.